UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 JUL 31 PM 4:51
U.S. [illegible]
N.D. OF ALABAMA

ENTERED

| | |
|---|---|
| BRENDA LEE FRYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-03-S-2007-NE |
| ) | |
| MURRAY GUARD, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* for unlawful discrimination and retaliation. This court granted plaintiff's application to proceed without prepayment of fees, costs, or security on July 30, 2003. Thereafter, through the Clerk of Court's standard, randomized, selection procedure, this action was assigned to the undersigned.

Plaintiff submitted a copy of the charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") on September 25, 2000, as well as a dismissal and notice of rights issued to her by the EEOC. The notice of right to sue contained the following statement:

> **Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice;** otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.) [Emphasis in original.]

The notice referred plaintiff to additional information attached to the form, which stated:

> **PRIVATE SUIT RIGHTS — Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**
>
> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.
>
> Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you. [Emphasis in original.]

The notice of right to sue was mailed to plaintiff on March 3, 2003.

Plaintiff apparently visited the Huntsville Divisional Office of the Clerk of Court on May 16, 2003, at which time she was provided with a standard form letter containing further information about filing a lawsuit, including the following warning:

2

> You are <u>cautioned</u> that any lawsuit under Title VII to be brought by you, or on your behalf, **MUST BE FILED WITHIN 90 DAYS** after receipt by you of the EEOC's "right to sue" notice. A delay on your part in filing an application for appointment of an attorney or for waiver of prepayment of fees may result in loss of rights under Title VII. [Emphasis in original.]

On that date, plaintiff also was provided with an application to commence an action without prepayment of fees, costs, or security, and for appointment of an attorney. Plaintiff, however, did not submit the application until July 29, 2003.

An individual who is issued a notice of right to sue by the EEOC must file his or her civil action within ninety days of receipt of the notice. *See* 42 U.S.C. § 2000e-5(f). A plaintiff "has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002).

The evidence of record establishes that the EEOC issued plaintiff's notice of right to sue on March 3, 2003. Plaintiff did not submit her application to proceed without prepayment of fees, which the court has treated as a complaint, until July 29, 2003: *i.e.,* 148 days after the mailing of her notice of right to sue. The notice issued by the EEOC contained clear warnings about the consequences of failing to timely file a complaint, and advised plaintiff that filing a complaint within ninety days of the date on which the EEOC *mailed* the notice would assure that the complaint would be considered timely. Moreover, the information provided to plaintiff by the Clerk of Court reiterated the importance of filing a complaint within the 90-day timeframe. Disregarding this advice, plaintiff filed her

3

complaint fifty-eight days after the deadline had elapsed, a date eclipsing even the most generous allowance for mailing time.

Accordingly, for the foregoing reasons, the court concludes that plaintiff's complaint is due to be dismissed as untimely. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 31st day of July, 2003.

United States District Judge